UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHELLE CRAWFORD | CIVIL ACTION NO. |
| Versus | JUDGE |
| JAYSON RICHARDSON, in his official capacity as Sheriff of DeSoto Parish | MAGISTRATE JUDGE |
| | JURY DEMAND |

COMPLAINT

COMES NOW Plaintiff MICHELLE CRAWFORD, filing this Complaint with Jury Demand against Defendant JAYSON RICHARDSON, in his official capacity as the duly elected Sheriff of Desoto Parish Louisiana for acts of race discrimination and sex discrimination prohibited by federal law and Louisiana's employment discrimination laws. In support thereof, Plaintiff states the following:

I.

PARTIES

1. Plaintiff MICHELLE CRAWFORD is an African American female of the full age of majority domiciled in Desoto Parish, Louisiana. At all times relevant herein Plaintiff was employed by Desoto Parish Sheriff.

2. Jayson Richardson ("Sheriff") in his official capacity as the duly elected Sheriff of DeSoto Parish Louisiana and successor in office to Rodney Arbuckle. The Sheriff employs all deputies of the office of Sheriff in DeSoto Parish.

II.

VENUE AND JURISDICTION

3. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. §1391(b)(1) & (2) because all or substantially all of the events, omissions, acts and failures to act that give rise to Plaintiff's claims occurred within the jurisdiction of the Western District of Louisiana.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1391 (federal question), 28 U.S.C. §1343 (civil rights), 42 U.S.C. §2000e-5(f) (1) (unlawful employment practices), (Title VII Enforcement), and 42 U.S.C. §1981a (equal rights)

5. Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure and 28 U.C.S. §1367 to hear and adjudicate claims arising out of the transactions set forth here that violate rights and duties established by the laws of the state of Louisiana.

III.

FACTUAL BACKGROUND

6. The Desoto Parish Sheriff is the entity or official with employment power over plaintiff and is an employer as that term is defined by La. R.S. 23:302 and Title VII. The Desoto Parish Sheriff has the power to enact personnel policies, to enact, maintain and enforce an employment classification system, to exercise the power to establish pay and benefits and to make use of funds for payment of wages, salaries and benefits, to assign job duties, to hire and fire employees, to delegate that authority, to exercise all of the powers of an employer, and to sue and be sued in the capacity of employer.

7. Ms. Crawford first began work with the DeSoto Parish Sheriff's Department in March 2015 as a patrol officer.

8. In 2017, she applied for the Special Weapons and Tactics Team (S.W.A.T. team) along with Deputies Jacques Burton (black male) and Matt Foxx (white male).

9. Deputy Crawford performed better than the other applicants.

10. Deputy Crawford was not chosen for the S.W.A.T. team. No female deputy has been selected for the S.W.A.T. team.

11. In 2018, Deputy Crawford applied for two open positions in the Criminal Investigations Division ("C.I.D."). The first position was given to Deputy Raymond Blunt (black male) who had been hired by the Department after Crawford and had less experience than she did. After less than one year in Patrol Division, he was transferred to C.I.D. and promoted to Corporal. Plaintiff remained a patrol officer.

12. The second position was given to Deputy Russ Jones (white male) who transferred to Patrol Division from Corrections Division in 2016. Jones, who had less experience than Plaintiff, was also promoted to Corporal while Plaintiff remained a patrol officer.

13. Deputies Blunt and Jones were promoted to Corporal after one year in Patrol. Deputy Crawford worked in the Patrol Division for five years and was never promoted to Corporal.

14. In February, 2020, three white deputies in the Patrol Division were given the opportunity to work as shift Sergeant for a week. Of the three officers, Deputy Shelby Scudder (white female) had less than one-year patrol experience, Deputy Angela Jordan (white female) had one year and three months patrol experience, and Deputy Joe West (white male) returned to the department in 2019. Deputy Crawford was not afforded the opportunity to work as shift Sergeant even though she had more experience in patrol division than Deputies Scudder, Jordan or West (a

recent re-hire).

15. On May 29, 2020, Deputy Crawford applied for the position of secretary in the Narcotics Division. She was advised by Captain Chato Atkins that she performed well in her interview, she met all of the qualifications for the position, and she had more experience and certifications than the other applicant. However, the position was given to Deputy Angela Jordan, a white female with one year and three months of law enforcement experience in the Patrol Division.

16. In July 2020, Deputy Crawford was informed that a Corporal position was available, and she would be promoted. Before the promotion took effect, she was notified by Lt. Kyle Martin that the position was on "hold" until further notice. On August 24, 2020, she learned that a white male had been given the Corporal position.

17. Plaintiff qualified to be a Field Training Officer ("FTO"). FTO's are paid an additional $100.00 an hour while working as an FTO. Plaintiff was the only female training officer. Because the trainees were male, she was not utilized as a training officer. She once participated in training a female trainee for a brief period of time.

18. There are few female deputies in the Patrol Division and even fewer African American patrol deputies. There were no promulgated objective criteria for promotion. Decisions were based upon the subjective opinions of supervisors (white males) who tend to promote other white male deputies. Deputy Crawford is highly qualified and should have been advanced in her chosen career path long ago.

19. The Sheriff has no published standards and criteria for promotion or pay and salary increases. Decisions are based upon purely subjective standards and discriminatory biases. Deputies are discouraged from discussing their pay. This suppression of information helps conceal

discriminatory pay practices.

20. Plaintiff complained to the Sheriff that she was being denied promotion because of her race and sex.

21. Plaintiff also filed a complaint of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and notified the Sheriff by letter of her complaint of discrimination pursuant to the provisions of La. R.S. 23: 303 (C). Plaintiff has received the Right to Sue from the EEOC and has exhausted all administrative remedies.

22. As a direct result of the Sheriff's acts of employment discrimination plaintiff suffered lost wages and benefits and emotional distress.

23. Plaintiff was constructively discharged in November 2020.

## COUNT I

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. §2000 e.

24. Plaintiff incorporates herein by reference as if set forth in full the allegations of paragraphs 1 through 23.

25. Defendant discriminated against Plaintiff on the basis of sex and on the basis of her sex and race by denying her promotions and training opportunities that would have led to promotions, while promoting male deputies with less experience and tenure in the department.

26. By reason of the unlawful acts alleged herein, Plaintiff seeks and is entitled to recover compensatory, back pay, front pay in lieu of reinstatement, costs and attorney's fees.

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAWS, LA. R. S. 23: 301, *et seq*.

27. Plaintiff incorporates herein by reference as if set forth in full the statements of fact in paragraphs 1-26, above.

28. The Sheriff discriminated against plaintiff on the basis of her sex and on the basis of her sex and race in violation of the Louisiana Employment Discrimination Law by paying her less than male deputies, denying her promotion on the basis of sex, and denying her assignments and training on the basis of her sex.

29. Pursuant to the provisions of Louisiana law, plaintiff seeks and is entitled to recover compensatory damages, including lost wages and benefits, costs and attorneys' fees.

## REQUEST FOR JURY TRIAL

30. Plaintiff requests a jury trial.

## IV.

## PRAYER

WHEREFORE, Plaintiff prays that this complaint be deemed good and sufficient and that upon the conclusion of all due proceeding and legal delays there be judgment entered in her favor and against defendant on all causes of action and awarding Plaintiff all relief to which she is entitled under each cause of action, including costs and attorney's fee, punitive damages and liquidated damages where available, and such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

  /s/ Pamela R. Jones
Pamela R. Jones, La. Bar No. 19640

DOWNER, JONES, MARINO & WILHITE, L.L.C.
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone:   (318) 213-4444
Facsimile:   (318) 213-4445
Email:        pjones@dhw-law.com

ATTORNEYS FOR PLAINTIFF